JENNER & BLOCK LLP
Craig C. Martin (admitted *pro hac vice*)
cmartin@jenner.com
April A. Otterberg (admitted *pro hac vice*)
aotterberg@jenner.com
Michael T. Graham (admitted *pro hac vice*)
mgraham@jenner.com
LaRue L. Robinson (admitted *pro hac vice*)
lrobinson@jenner.com
353 N. Clark St.
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile:  (312) 527-0484

Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

Attorneys for Defendants
AETNA INC. and
HEWITT ASSOCIATES LLC

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WHITE,<br><br>                              Plaintiff,<br><br>     v.<br><br>AETNA INC. and HEWITT ASSOCIATES LLC,<br><br>                              Defendants. | Case No. 2:17-cv-513<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1

1.  **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.  **Good Cause Statement.** This action is likely to involve confidential personal information and proprietary business information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential information may consist of, among other things, personal identifying, financial, and pension information, including information implicating privacy rights of third parties such as current or former employees of Defendants Aetna and Hewitt who are not parties to this lawsuit; confidential business practices and information; information otherwise generally unavailable to the public; or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address the handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

**3.      Form and Timing of Designation.**  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**4.      Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.**  Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal or business information.  For example, Defendants may produce confidential personal information of pension plan participants, including their social security numbers, birthdays, home addresses and employment identification numbers.  These documents may be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Public records and other information or documents that are publicly available, including documents that have previously been filed in the public record in any court, may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Each party that designates information or

STIPULATED PROTECTIVE ORDER

items for protection under this Order must take care to limit any such designation to specific material that qualifies for protection consistent with this Order. The designating party must make reasonable efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. However, the parties recognize that it is impractical and burdensome to attempt to produce documents in a manner such that specific texts or pages in a given document are designated under this Order and other specific text or pages are not, and nothing in this Order shall require the parties to undertake such efforts in producing documents during discovery. Mass, indiscriminate, or routinized designations for protection under this Order are prohibited. Designations that are determined by this Court to be clearly unjustified or to have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

     **5.**     **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Deposition testimony should be treated as confidential until the transcript is received by the parties. Each party will have 10 days after its receipt of the transcript to designate portions of the transcript as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, any portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

**6.      Protection of Confidential Material.**

     **(a)      General Protections.**  Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

     **(b)      Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

         **(1)      Counsel.**  Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

         **(2)      Parties.**  Parties to this Order and the officers, directors, employees, and former employees of a party to whom disclosure is reasonably necessary for this litigation and who have signed the certification contained in Attachment A. Each party has the sole responsibility for determining whether disclosure is reasonably necessary to third-parties .

         **(3)      The Court and its personnel.**

         **(4)      Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions or hearings.

**(5)     Consultants, Investigators and Experts**.  Consultants, investigators or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A.

**(6)     Mediator or Settlement Officer.**  Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties, but only after such persons have completed the certification contained in Attachment A.

**(7)     Witnesses.** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have completed the certification contained in Attachment A, unless otherwise agreed by the designating party or ordered by the court.

**(8)     Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A.

**(c)     Control of Documents.**  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d)     Copies.**  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions

STIPULATED PROTECTIVE ORDER

(hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) **Inadvertent Production**. Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

**7.** **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal**. A Party that seeks to file under seal any material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" must comply with Local Civil Rule 79-5. Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific material at issue, and in the manner prescribed by the procedures of this Court. If the Court denies a Party's request to file material under seal, then the receiving party may file the information in the public record unless otherwise instructed by the Court.

To the extent that a brief, memorandum or pleading references any sealed document, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing any confidential information. Non-confidential information contained in documents marked as CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER may be disclosed in briefs, memoranda,

STIPULATED PROTECTIVE ORDER

or pleadings.  If a designating party disagrees with the filing party's classification of information as non-confidential, and thinks that the information should have been filed under seal, the designating party shall, within five (5) court days and, either via a telephone conversation (not voicemail) or an e-mail to all counsel for the filing party, consult with the filing party to attempt to reach an agreement about the confidentiality of the information.  The filing party shall respond to the designating party within two (2) court days.  If the parties are unable to reach an agreement, the designating party may file a motion asking the filing party to file an amended brief, memoranda, or pleading with the information sealed, and asking the Court to seal the original filing in accordance with the procedures under Local Rule 79-5.

Documents marked as CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER do not have to be filed under seal if they are filed in redacted form and the producing party consents to the redaction.  If the parties are unable to reach an agreement, the filing party must follow the procedures above.

**8.     Challenges by a Party to Designation as Confidential.**

**(a)**     Timing of Challenges.  Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**(b)**     Meet and Confer.  The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

**(c)** Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any

STIPULATED PROTECTIVE ORDER

portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER

**9.     Use of Confidential Documents or Information at Trial or a Hearing.**  All trials and hearings are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during any trial or hearing. If a party intends to present at trial or a hearing CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party by no later than the Court's deadline for filing the joint proposed pretrial order (with respect to trial) and no later than 5 court days before the hearing (with respect to hearings) by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.).  If the designating party wishes to restrict the use of such documents or information at trial or a hearing, it must then make an appropriate motion to the Court. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or a hearing.

**10.     Obligations on Conclusion of Litigation.**

      **(a)     Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal, and documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ODER shall remain protected by this Order after such dismissal or entry of final judgment not subject to further appeal to the full extent they are protected while this action is pending.

      **(b)     Return of Documents Filed under Seal.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

STIPULATED PROTECTIVE ORDER

**11.** **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rules 7-1 through 7-20 and the presiding judge's standing orders or other relevant orders.

**12.** **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13.** **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**14.** **Violation.**  Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

*So Ordered.*

Dated: January 26, 2018 _____

U.S. Magistrate Judge
John E. McDermott

**WE SO STIPULATE**
**and agree to abide by the**
**terms of this Order**

s/ Teresa Renaker
Signature

Counsel for: Plaintiff

Dated: January 24, 2018

**WE SO STIPULATE**
**and agree to abide by the**
**terms of this Order**

s/ Craig C. Martin
Signature

Counsel for: Defendants

Dated: January 24, 2018

STIPULATED PROTECTIVE ORDER

JENNER & BLOCK LLP
Craig C. Martin (admitted *pro hac vice*)
cmartin@jenner.com
April A. Otterberg (admitted *pro hac vice*)
aotterberg@jenner.com
Michael T. Graham (admitted *pro hac vice*)
mgraham@jenner.com
LaRue L. Robinson (admitted *pro hac vice*)
lrobinson@jenner.com
353 N. Clark St.
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile:  (312) 527-0484

Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

Attorneys for Defendants
AETNA INC. and
HEWITT ASSOCIATES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WHITE,<br><br>      Plaintiff,<br><br>  v.<br><br>AETNA INC. and HEWITT ASSOCIATES LLC,<br><br>      Defendants. | Case No. 2:17-cv-513<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

1

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:_____

_____

_____

Date:_____      _____
                    Signature

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND